UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SULAIMAN ASHOUR,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary of the Department of Homeland Security, et al.,<br><br>　　　　　　　　　　Respondents. | Case No.: 3:26-cv-00422-RBM-SBC<br><br>**ORDER DENYING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Doc. 1]** |

　　　Pending before the Court is Petitioner Sulaiman Ashour's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241.  (Doc. 1.)  Petitioner represents that he is ready and willing to be removed to Kuwait, and that Kuwait is willing to issue a travel document for him, but that Respondents "will not communicate with [the Kuwaiti] embassy to retrieve the [travel] document."  (*Id*. at 2.)[1]  Therefore, Petitioner claims, his continued detention violates the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001), because there is no significant likelihood of removal in the reasonably foreseeable future.  (*Id*. at 3–7.)

　　　For the reasons set forth below, the Petition is **DENIED without prejudice**.

---

[1] The Court cites the CM/ECF electronic pagination unless otherwise noted.

I.  **BACKGROUND**

Petitioner was born in Kuwait. (Doc. 1-2 at 1, Declaration of Sulaiman Ashour ("Ashour Decl.") ¶ 1.) He entered the United States in August 2014 on a nonimmigrant visitor visa, which expired on December 1, 2014, and overstayed his visa. (Doc. 4-1 at 1–4, Declaration of Deportation Officer Ryan Robert Dale Smith ("Smith Decl.") ¶ 4.) On January 15, 2016, Petitioner "was convicted of domestic battery, for which he was sentenced to 36 months of probation." (*Id.* ¶ 5.) On February 15, 2018, Petitioner was taken into Immigration and Customs Enforcement ("ICE") custody and served with a Notice to Appear charging him as inadmissible under the Immigration and Nationality Act for overstaying his visa. (*Id.* ¶ 6.) After several bond hearings and appeals (*see id.* ¶¶ 8–13), Petitioner was released from ICE custody on an Order of Recognizance on April 5, 2019. (*Id.* ¶ 14.) On November 20, 2020, the Board of Immigration Appeals denied Petitioner adjustment of status and ordered Petitioner removed to Kuwait. (*Id.* ¶ 15.)

On January 7, 2025, "the condition of Petitioner's bond was breached when he failed to report in person to the [Alternatives to Detention] unit as scheduled." (*Id.* ¶ 16.) On October 22, 2025, ICE re-detained Petitioner. (*Id.* ¶ 17.) On November 25, 2025, ICE submitted a travel document request to the Consul General of the State of Kuwait. (*Id.* ¶ 20.) On December 18, 2025, ICE referred Petitioner to the United States Attorney's Office for criminal prosecution for "an incident concerning assault on a federal officer that occurred" when Petitioner was taken into ICE custody in October 2025. (*Id.* ¶ 21.) "The Consul General of Kuwait was prepared to issue a travel document once the pending criminal case against Petitioner was resolved." (*Id.* ¶ 22.) On January 22, 2026, the United States Attorney's Office declined to prosecute Petitioner. (*Id.* ¶ 23.) After learning of this, ICE obtained a travel document from the Embassy of Kuwait that same day. (*Id.* ¶ 24.) On January 28, 2026, ICE identified a flight for removal to occur before February 22, 2026. (*Id.* ¶ 25.)

Petitioner filed the Petition on January 23, 2026. (Doc. 1.) Respondents filed their Return to Petition for Writ of Habeas Corpus ("Response") on January 30, 2026. (Doc. 4.)

Petitioner filed his Traverse in Support of Petition for Writ of Habeas Corpus ("Reply") on February 3, 2026.  (Doc. 5.)

## II.     LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a).  The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III.     DISCUSSION

Petitioner argues that his detention violates the Supreme Court's decision in *Zadvydas* because his removal is not significantly likely in the reasonably foreseeable future. (Doc. 1 at 3–7.)  Respondents counter that ICE has diligently pursued removal efforts and has "identified a flight for [Petitioner's] removal to occur before his travel document expires on February 22, 2026." (Doc. 4 at 3.)  The Court finds that Petitioner's removal is significantly likely in the reasonably foreseeable future.

**A.** *Zadvydas*

The Supreme Court has recognized a six-month presumptively reasonable period of detention after a noncitizen's removal order becomes final. *Zadvydas*, 533 U.S. at 701.  "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

   **1.     Presumption of Reasonableness**

The six-month presumptively reasonable period has passed for Petitioner.  Courts in the Ninth Circuit, and most courts across the country, calculate detention "cumulatively

based on all post-removal order detentions to determine whether *Zadvydas's* presumption of reasonableness is exceeded." *Phan v. Warden of Otay Mesa Det. Facility*, — F. Supp. 3d —, 2025 WL 3141205, at *3 (S.D. Cal. Nov. 10, 2025) (collecting cases).  Because Petitioner has been in ICE custody for well over six months (*see* Smith Decl. ¶¶ 6–14), Petitioner's current detention is no longer presumptively reasonable.

### 2. Good Reason to Believe

After the six-month period expires, Petitioner has the initial burden of showing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.  "Good reason to believe does not place a burden upon the detainee to demonstrate no reasonably foreseeable, significant likelihood of removal or show that his detention is indefinite; it is something less than that." *Senor v. Barr*, 401 F. Supp. 3d 420, 430 (W.D.N.Y. 2019) (cleaned up).  Assuming without deciding that Petitioner met his burden through the arguments raised in his Petition, the burden shifts to Respondents to "respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.  As discussed below, Respondents have met that burden.

### 3. Significant Likelihood of Removal in the Reasonably Foreseeable Future

Respondents argue that they have rebutted Petitioner's showing by contacting the consulate of Kuwait, retrieving Petitioner's travel document, and identifying a flight for Petitioner's removal to occur before February 22, 2026.  (Doc. 4 at 3.)  Under these circumstances, the Court finds that Petitioner's removal is significantly likely in the reasonably foreseeable future.  *Accord Marquez v. Wolf*, Case No.: 20-cv-1769-WQH-BLM, 2020 WL 6044080, at *3 (S.D. Cal. Oct. 13, 2020) (denying *Zadvydas* claim where the respondents had obtained travel document for the petitioner and scheduled a removal flight to Peru in a few weeks).  Accordingly, the Petition is **DENIED**.

The Court declines Petitioner's invitation to "wait until February 22, 2026 to decide this petition, as that will ensure that ICE's predictions prove true and [Petitioner] is removed." (Doc. 5 at 1.)  The Court will, however, order the Parties to file a Joint Status Report on or before **February 23, 2026** indicating whether Petitioner was removed to

Kuwait. If Petitioner has not been removed, he may then file an amended Petition. *See Feliciano v. Warden of Mesa Verde Det. Facility*, Case No. 1:25-cv-02031-KES-SKO (HC), 2026 WL 63646, at *3 (E.D. Cal. Jan. 8, 2026) (dismissing a petition raising a *Zadvydas* claim without prejudice).

## IV. CONCLUSION

For the foregoing reasons, the Petition (Doc. 1) is **DENIED without prejudice**. The Parties **SHALL FILE** a Joint Status Report on or before **February 23, 2026** indicating whether Petitioner has been removed to Kuwait.

**IT IS SO ORDERED**.

DATE: February 5, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE